UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

CIVIL ACTION NO. 1:10-CV-00166-JHM

WILLIAM B. PATTON                                            PLAINTIFF

V.

TRU-CHECK METER SERVICE, INC.                      DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff William B. Patton's Motion to Remand [DN 7]. Fully briefed, this matter is ripe for decision.

## I. BACKGROUND

Plaintiff William B. Patton originally filed a state court complaint in the Russell Circuit Court for wrongful termination and defamation against his former employer Tru-Check Meter Service, Inc. Patton alleges he was wrongfully terminated upon returning from medical leave and was then defamed by and through Tru-Check and its employees. In his prayer for relief, Patton seeks

> immediate reinstatement to his position, together with restoration of all wages, benefits and privileges that the Plaintiff would have obtained had his employment not been terminated, or, alternatively, a judgment awarding compensation for all lost wages and benefits, as well as lost future wages, and permanent impairment of his ability to earn money in the future.

Pl.'s Compl. at 3, para. 1. Patton also seeks punitive damages and reasonable attorney fees. Tru-Check removed the action to this Court claiming that Patton was alleging a claim for relief under the Family Medical Leave Act. Patton now asks that this action be remanded to the Russell Circuit Court.

## II. DISCUSSION

"Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable" to federal court. 28 U.S.C. § 1441(b). "A claim falls within this court's original jurisdiction under 28 U.S.C. §

1331 'only [in] those cases in which a well-pleaded Complaint establishes either that federal law creates the cause of action or that the plaintiff[']s right to relief necessarily depends on resolution of a substantial question of federal law.'" Eastman v. Marine Mech. Corp., 438 F.3d 544, 550 (6th Cir. 2006) (citation omitted). However, "the plaintiff is the master of the claim," Gafford v. Gen. Elec. Co., 997 F.2d 150, 157 (6th Cir. 1993), and "the fact that the wrong asserted could be addressed under either state or federal law does not ordinarily diminish the plaintiff's right to choose a state law cause of action." Alexander v. Elec. Data Sys. Corp., 13 F.3d 940, 943 (6th Cir. 1994). The defendant bears the burden of establishing the existence of federal subject matter jurisdiction and the propriety of the removal. Marine, 438 F.3d at 549. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

Defendant Tru-Check contends that Patton has raised a claim for relief under the FMLA. Tru-Check argues that while Patton does not explicitly request relief under the FMLA, that his claim that he was wrongfully terminated upon return from medical leave, coupled with the requested damages, can only be construed to allege a claim under the FMLA because Kentucky is a terminable-at-will state. Patton has denied any intent to seek relief under the FMLA and instead has argued that he is seeking relief under Kentucky unspecified statutory and common law.

Patton's motion papers cite to Chapter 344 of the Kentucky Revised Statutes and to Dollar General Partners v. Upchurch, 214 S.W. 3d 910 (Ky. App., 2006), which dealt specifically with KRS 342.197, which prohibits discharge of any employee for pursuing a claim under Chapter 342. Chapter 342 is the Kentucky Workers Compensation statute. Chapter 344 is the Kentucky Civil Rights statute. Other than referring to these citations, and insisting that his wrongful discharge claim is supported by Kentucky statutory and common law, he fails to state specifically which law he relies upon. However, he is very specific that it is not the Family Medical Leave Act.

Although Kentucky is a terminable-at-will state, the Kentucky Supreme Court has recognized

an exception for wrongful terminations which are in violation of public policy. <u>Firestone Textile Co. Div. v Meadows</u>, 666 S.W.2d 730, 731 (Ky. 1984). However, in <u>Grzyb v. Evans</u>, 700 S.W.2d 399, (Ky. 1985), the Kentucky Supreme Court limited the exception to apply only where the statute creating the public policy exception does not provide a structure for pursuing a claim. The Family Medical Leave Act does provide a structure for pursuing a remedy, therefore, the FMLA cannot provide the basis for Patton's wrongful discharge claim.

Although Patton has not provided the legal basis upon which he intends to rely in support of his wrongful discharge claim, he has stated unequivocally that he did not and does not intend to rely upon the FMLA for relief. The Defendant has not shown that Patton's claim is necessarily a FMLA claim, and in fact, Defendant has shown that the law will not allow Patton to rely upon the FMLA in support of a common law wrongful discharge claim. However, as noted herein, under certain circumstances, a terminable-at-will employee may have a viable claim for wrongful discharge under Kentucky law. Whether those circumstances exist in this case is not particularly relevant at this juncture, all that matters is that such claims can be brought under Kentucky law. It will be up to the Russell Circuit Court to determine if Plaintiff's claims have any support under Kentucky statutory or common law.

### III. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that Plaintiff Patton's Motion to Remand [DN 7] is **GRANTED**.

cc: counsel of record
Russell Circuit Court